*958 W. FLETCHER, Circuit Judge,
concurring:
I concur in Judge Fisher’s opinion, which faithfully applies our circuit’s law of laches in copyright cases. But I do so only because we are compelled to follow our opinion in Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir.2001).
There is a severe circuit split on the availability of a laches defense in copyright cases. In the Fourth Circuit, there is no laches at all. If a copyright suit is brought within the statute of limitations, it may go forward. Lyons P’ship. L.P. v. Morris Costumes, Inc. 243 F.3d 789, 797-98 (4th Cir.2001). In the Eleventh Circuit, “there is a strong presumption that a plaintiffs suit is timely if it is filed before the statute of limitations has run. Only in the most extraordinary circumstances will laches be recognized as a defense.” Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int’l, 533 F.3d 1287, 1320 (11th Cir.2008). Even if laches is found, “laches serves as a bar only to the recovery of retrospective damages, not to prospective relief.” Id. at 1321. In the Second Circuit, laches is available as a bar to injunctive relief but not to money damages. See New Era Publ’ns Int’l v. Henry Holt & Co., 873 F.2d 576, 584-85 (2d Cir.1989). In the Sixth Circuit, laches is available in only “the most compelling of eases.” Chirco v. Crosswinds Cmtys., Inc., 474 F.3d 227, 233 (6th Cir.2007).
Our circuit is the most hostile to copyright owners of all the circuits. In the Ninth Circuit, laches can bar all relief, both legal and equitable, when “(1) the plaintiff delayed in initiating the lawsuit; (2) the delay was unreasonable; and (3) the delay resulted in prejudice.” Maj. Op. at 951-52 (citing Danjaq, 263 F.3d at 951).
There is nothing in the copyright statute or its history to indicate that laches is a proper defense to a suit brought under the Act. The Copyright Act of 1909 (“1909 Act”) did not contain a statute of limitations. Pub.L. No. 60-349, 35 Stat. 1075. Federal courts applying the 1909 Act used state statutes that provided various limitations periods, and Congress eventually became dissatisfied with the resulting problem of forum shopping by plaintiffs. S.Rep. No. 85-1014, reprinted in 1957 U.S.C.C.A.N. 1961, 1961. In 1957, Congress amended the 1909 Act to provide a three-year statute of limitations. Act of September 7, 1957, Pub.L. No. 85-313, 71 Stat. 633. The accompanying Senate Report noted that the adoption of a federal limitations period would extinguish equitable defenses such as laches. S.Rep. No. 85-1014, reprinted in 1957 U.S.C.C.A.N. 1961, 1963 (“[CJourts generally do not permit the intervention of equitable defenses or estoppel where there is a [statute of] limitation on the right” (quoting H. Rep. No. 85-150)). The Copyright Act of 1976 (“1976 Act”) replaced the 1909 Act. The 1976 Act re-enacted the three-year limitations period for civil copyright claims using language identical to the 1957 amendment. Pub.L. No. 94-553, § 507(b), 90 Stat. 2541, 2586. Laches in copyright cases is thus entirely a judicial creation. And it is a creation that is in tension with Congress’ intent.
Modern courts seeking to justify the application of laches in copyright cases typically quote from Judge Learned Hand’s opinion in Haas v. Leo Feist, Inc., 234 F. 105, 108 (S.D.N.Y.1916):
It must be obvious to every one familiar with equitable principles that it is inequitable for the owner of a copyright, with full notice of an intended infringement, to stand inactive while the proposed infringer spends large sums of money in its exploitation, and to intervene only when his speculation has proved a success. Delay under such *959 circumstances allows the owner to speculate without risk with the other’s money; he cannot possibly lose, and he may win. If the defendant be a deliberate pirate, this consideration might be irrelevant ...; but it is no answer to such inequitable conduct, if the defendant Feist is innocent, to say that its innocence alone will not protect it. It is not its innocence, but the plaintiffs availing himself of that innocence to build up a success at no risk of his own, which a court of equity should regard.
See, e.g., Maj. Op. at 956 (quoting from this passage); Danjaq, 263 F.3d at 957 (same). This passage from Judge Hand is a classic invocation of equitable estoppel, which is distinct from its equitable cousin, laches. Compare 6 William F. Patry, Patry on Copyright § 20:55 (2012) (criticizing Danjaq for failing to distinguish between equitable estoppel and laches).
The elements of an equitable estoppel defense have been variously stated. We wrote in a copyright infringement case:
Four elements must be present to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe that it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former’s conduct to his injury.
Hampton v. Paramount Pictures Corp., 279 F.2d 100, 104 (9th Cir.1960) (internal citation omitted). The Second Circuit wrote more succinctly, but to roughly the same effect, in a copyright case:
Under federal law, ... a party can be estopped from pursuing a claim where: (1) the party makes a misrepresentation of fact to another party with reason to believe that the other party will rely on it; (2) the other party relies on the misrepresentation to his detriment.
Marvel Characters, Inc. v. Simon, 310 F.3d 280, 292 (2d Cir.2002) (internal citation omitted). Equitable estoppel can be a complete defense against a claim, as to both legal and equitable remedies. A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1041 (Fed.Cir.1992) (en banc).
The elements of a laches defense are less demanding. In our circuit, laches in copyright cases does not require actual knowledge by the copyright owner of the defendant’s infringement. It requires only that the owner “should have known” of the infringement. See Kling v. Hallmark Cards Inc., 225 F.3d 1030, 1036 (9th Cir.2000). A laches defense is available to an infringer so long as the infringer is not a “deliberate pirate,” to use Judge Hand’s phrase, whom our circuit defines as a “willful infringer.” Danjaq, 263 F.3d at 956-59. A showing of actual harm to the defendant is not necessary. An infringer can establish expectation-based prejudice by showing that he has invested money to exploit the copyright, whether or not he has made a profit on that investment as a result of the owner’s delay.
Our circuit has taken a wrong turn in its formulation and application of laches in copyright cases. We should revisit our case law to provide appropriate protection to innocent copyright owners who have brought infringement suits within the statute of limitations. A recognition of the distinction between equitable estoppel and laches would be a good place to start.